1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9

10   In re Arbitration Proceeding Between:  )
     Scottsdale Insurance Company,          )
11                                          )    No. CV-15-00671-PHX-PGR
                   Petitioner,              )
12                                          )
            vs.                             )            ORDER
13                                          )
     John Deere Insurance Company,          )
14                                          )
                   Respondent.              )
15   _____   )

16          Petitioner Scottsdale Insurance Company ("Scottsdale") commenced this

17   action by filing a Petition for an Order to Modify or Correct Arbitration Award (Filed

18   Doc. 18).  In response thereto, respondent John Deere Insurance Company ("John

19   Deere") filed a Cross-Application for Confirmation of Arbitration Award and Entry of

20   Judgment (Filed Doc. 26).  Pending before the Court are Scottsdale's Motion for an

21   Order to Modify or Correct Arbitration Award (Filed Doc. 19) and John Deere's

22   Motion to Confirm Award and Enter Judgment (Filed Doc. 22).   Having considered

23   the parties' memoranda, the Court finds that the arbitration award should be

24   confirmed as entered by the arbitration panel.[1]

25   _____

26          [1]

            The Court has intentionally discussed herein only those arguments it
     considered necessary to resolve the issue of whether the arbitration award should

Background

This diversity of citizenship-based matter arises from two reinsurance agreements between the parties.  Scottsdale, after settling a consolidated class action proceeding, known as the *Billieson* action, against its insured for $57 million, allocated the settlement amount equally between the two policy years covered by its  insurance and then billed the loss payment to its reinsurers, one of which was John Deere, as ten occurrences in each policy year.  Scottsdale billed John Deere the sum of $1,173,014.26 based on its calculation of the percentage of loss that John Deere assumed through its reinsurance agreements.  John Deere disputed Scottsdale's settlement amount and the manner in which Scottsdale allocated the settlement to various occurrences.  Pursuant to a binding arbitration provision in the reinsurance agreements, the parties submitted their dispute to a three-person arbitration panel consisting of insurance and reinsurance professionals.  The arbitration panel, after conducting a three-day hearing and considering additional post-arbitration briefing, issued its final award on January 14, 2015.  The final award stated in its entirety:

> After conducting a final hearing in this arbitration between Scottsdale Insurance Company ("Scottsdale"), on the one hand; and John Deere Insurance Company ("John Deere"), on the other hand; on October 28, 2014, October 29, 2014 and December 17, 2014; considering testimony, documentary evidence, briefs, and arguments of the parties; and deliberating on these matters, the Panel, hereby;
>
> 1.  Declares that the September 15, 2002 trial court ruling in the *Billieson* action is not binding on Scottsdale as "law of the case";

be confirmed or modified, and other arguments raised by the parties, such as John Deere's argument that Scottsdale's acceptance of its payment of the award amount constituted an accord and satisfaction, were deemed not to be necessary to that resolution.

- 2 -

2.  Directs John Deere to pay its respective share of reinsurance, based on an adjusted settlement amount of $43.16 million for reinsurance billing purposes, which results in a total payable by John Deere of $888,198.12 within fourteen (14) calendar days of this award;

3.  The Panel determined that no other further relief is award in this arbitration[.]

John Deere has paid Scottsdale the amount ordered by the arbitration panel.

Discussion

In its petition, Scottsdale seeks to modify and correct the arbitration award pursuant to § 11(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 11(a), and the Arizona Uniform Arbitration Act, A.R.S. § 12-1513(A)(1); in its memoranda, Scottsdale relies mainly on Arizona law to support its position, whereas John Deere contends that the FAA governs this matter.

Both reinsurance agreements provided that "[t]o the extent not otherwise mutually agreed or provided for in this Article, the procedures and rules applicable to arbitration under the laws of the state of Arizona, as from time to time set forth, will govern the procedures of the arbitration with the appointed umpire fulfilling the rule and authority of the judge unless the parties otherwise mutually agree."  The same arbitration article in both agreements further provided that "[e]ither party may apply to the United States District Court in Arizona for an order confirming the award; a judgment of such Court will thereupon be entered on the award."

The Court concludes that while Arizona law governed the procedures applicable to the arbitration process itself, the parties' arbitration provision does not clearly and unambiguously provide that Arizona law is to govern the procedure for confirming the arbitration award.  Fidelity Federal Bank v. Durga Ma Corp., 386 F.3d 1306, 1311-12 (9th Cir.2004) (Court noted that there is a strong presumption that the

FAA, not state law, supplies the rules for arbitration and that to overcome that presumption, the parties to an arbitration agreement "must evidence a clear intent to incorporate state rules for arbitration.")   Based on this standard, the court concluded that an arbitration clause providing that disputes were to be resolved by arbitration "in accordance with the laws of the State of California and the rules of the American Arbitration Association" meant that the parties elected California substantive law but federal procedural law and that a challenge to the arbitration award had to be resolved under the FAA.) (some internal quotation marks omitted). The Court will thus resolve the issues involved in this action pursuant to the FAA. *Cf.* Kyocera Corp. v. Prudential-Bache Trade Services, Inc., 341 F.3d 987, 1000 and 1003 (9th Cir.2003) (en banc) (Court, in concluding that "[p]rivate parties may design an arbitration process as they wish, but once an award is final for the purpose of the arbitration process, Congress has determined how the federal courts are to treat that award[,]" further stated that "[o]nce a case reaches the federal courts, ... the private arbitration process is complete, and because Congress has specified standards for confirming an arbitration award, federal courts must act pursuant to those standards and no others.")

Under the FAA, the Court's authority to review an arbitration award is exceedingly limited. *Id.*, at 998 (The FAA provides "an extremely limited review authority[.]"); *accord*, U.S. Energy Corp. v. Nukem, Inc., 400 F.3d 822, 830 (10th Cir.2005) ("[T]he standard of review of arbitral awards is among the narrowest known to the law.") (internal quotation marks omitted); AIG Baker Sterling Heights v. American Multi-Cinema, 508 F.3d 995, 1001 (11th Cir.2007) (same); Maine Central Railroad Co. v. Brotherhood of Maintenance of Way Employees, 873 F.2d 425, 428 (1st Cir.1989) (same).

Section 9 of the FAA mandates that the award must be confirmed unless it is required to be vacated, modified or corrected under §§ 10 or 11. Scottsdale contends that the award must be modified pursuant to § 11(a), which permits an application to modify or correct an arbitration award "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award."[2]  Scottsdale's argument is that the arbitration panel committed a computational error that is plain on the face of the award because

in identifying $888,198.12 as the amount of [John Deere's] respective share of reinsurance, the panel miscalculated the manner in which the respective layers of reinsurance applied to the loss.  Rather than calculate [John Deere's] respective share of reinsurance based on its respective share of the limit and retention applicable to the "adjusted settlement amount," the panel appears to have simply reduced the original amount billed in proportion to the reduction in the overall settlement amount.  As a result, the amount the Award directs [John Deere] to pay - $888,198.12 - is $284,816.20 less than [John Deere's] actual "respective share of reinsurance" based on the adjusted settlement amount.

Under § 11(a), the issue to be resolved by the Court is not whether the arbitration panel reached what the Court believes is the correct decision based on the underlying facts, but solely whether the panel's alleged mathematical miscalculation is plainly evident from the face of the award. *See e.g.*, Apex Plumbing Supply v. U.S. Supply Co., 142 F.3d 188, 194 (4th Cir.1998) (Court held that an

---

[2]

Scottsdale's reliance on Arizona law does not change the outcome here because Arizona's standard for modifying or correcting an arbitration award under A.R.S. § 12-1513(A)(1) is the same as that under § 11(a).

arbitration award could not be modified under § 11(a) because the alleged mathematical miscalculation was not "evident" because it did not appear on the face of the award.)  Notwithstanding Scottsdale's contention that the award provides the necessary input for the Court to conclude that the panel miscalculated the amount due Scottsdale, the Court concurs with John Deere that a finding of a computational error would require improper speculation because such an error is not patently obvious from the face of the award.

The panel's award did not detail its computational reasoning, and the panel was not required to do so.  A.G. Edwards & Sons v. McCollough, 967 F.2d 1401, 1403 (9th Cir.1992) ("[A]rbitrators are not required to state the reasons for their decisions[,]" and "[t]he rule that arbitrators need not state their reasons presumes the arbitrators took a permissible route to the award where one exists.") As the record shows, Scottsdale submitted a proposed form of an award to the panel wherein it requested  a payment of $1,173,014.20 from John Deere, which is an amount that the panel obviously rejected. See McIlroy v. Painewbber, Inc., 989 F.2d 817, 821 (5th Cir.1993) ("Receipt of less than one requests in an arbitration proceeding does not, standing alone, constitute a miscalculation under section 11 of the [FAA].");  Kenneth H. Hughes, Inc. v. Aloha Tower Development Corp., 654 F.Supp.2d 1142, 1152 (D.Hawaii 2009) ("The fact that the arbitrator did not agree with all of Petitioner's damage estimates, and granted Petitioner less money that requested, is not evidence of a material miscalculation.")  Although Scottsdale asserts that the panel found that Scottsdale's billing of the loss as ten occurrences was proper, the Court cannot determine the correctness of that assertion from the face of the award given that the panel's award did not include Scottsdale's proposed award provision to that

effect and the award did not otherwise specifically say anything about the issue.[3]

Scottsdale also asserts that the panel's reduction in the per occurrence loss amount

from $2,800,000 to $2,158,000 in its award did not result in a reduced payment by

reinsurers and that John Deere's "respective share of reinsurance" based on the

adjusted settlement amount remained the same as the amount that Scottsdale

originally billed it.  The Court also does not know whether this assertion is correct

since the face of the award does not set forth how or why the panel reduced the per

occurrence loss amount, if that is in fact what it did to reach its adjusted settlement

amount. While Scottsdale's contention that the panel erred by misapprehending the

reinsurance agreements' retention and limit provisions in arriving at its award

amount may be correct, it is well established, given the FAA's highly deferential

standard of review, that neither an arbitration panel's erroneous legal conclusions

nor unsubstantiated factual findings justify federal court review of an arbitral award.

Bosack v. Soward, 586 F.3d 1096, 1102 (9th Cir.2009);   French v. Merrill Lynch,

Pierce, Fenner & Smith, Inc., 784 F.2d 902, 905 (9th Cir.1986); *accord*, Apex

Plumbing Supply, 142 F.3d at 194 ("[C]ourts have held generally that even a mistake

of fact or misinterpretation of law by an arbitrator provides insufficient grounds for the

modification of an award."); *see also*, Kyocera, 342 F.3d at 1003 ("The risk that

arbitrators ... may make errors with respect to the evidence on which they base their

---

[3]

The record establishes that Scottsdale's proposed award included a provision that stated that the panel "[d]eclares that Scottsdale's presentation of the *Billieson* class action loss settlement as ten 'occurrences' under the terms of the Casualty Excess of Loss Reinsurance Agreements ... is reasonable and permissible[.]" For a reason not explained in the panel's award, that proposed provision was not included in the final award.  The Court cannot determine from the face of the award whether the panel's computation was based on its agreement or disagreement with Scottsdale's position as to this issue.

1   rulings, is a risk that every party to arbitration assumes[.]")

2        Since the Court cannot grant Scottsdale's motion to modify or correct the
3   arbitration award based on its conclusion that there is no "evident material
4   miscalculation" or other basis justifying Scottsdale's request, it concludes that John
5   Deere's motion to confirm the award should be granted pursuant to the mandatory
6   terms of § 9 of the FAA.   The Court rejects Scottsdale's argument that no
7   confirmation order is necessary or proper since John Deere has already paid the
8   award. Collins v. D.R. Horton, Inc., 361 F.Supp.2d 1085, 1093 (D.Ariz. 2005) (In a
9   confirmation action in which the defendant argued that the plaintiffs' confirmation
10  request was spurious because they had already paid the arbitration award, the court,
11  noting that satisfaction of an arbitration award and confirmation of the award are
12  separate issues, rejected the defendant's argument on the ground that § 9 of the
13  FAA is phrased in mandatory terms that require the entry of a confirmation order
14  unless the arbitration award is modified, corrected or vacated.); *accord*, Gorsuch,
15  Ltd. v. Wells Fargo National Bank Ass'n, 2013 WL 4494304, at *1-2 (D.Colo. Aug.
16  21, 2013) (Court concluded that confirmation of an arbitration award was required
17  by § 9 of the FAA notwithstanding that the award had been complied with because
18  there was no basis for vacating, modifying or correcting the award.)

19       John Deere has requested an award of its reasonable attorneys' fees and
20  costs incurred in seeking confirmation of the arbitration award, which Scottsdale
21  opposes.   While there is nothing in the FAA which provides for attorney's fees to a
22  party who is successful in obtaining confirmation of an arbitration award, Menke v.
23  Monchecourt, 17 F.3d 1007, 1009 (7th Cir.1994), both of the parties' reinsurance
24  agreements specifically provided that if this Court enters an order confirming the
25  arbitration award, "the attorneys' fees of the party so applying and court costs will be

26

paid by the party against whom confirmation is sought." The Court will grant John Deere its reasonable fees and costs associated with its application and motion to confirm the arbitration award, provided that it timely files an application for its fees and costs that complies with the requirements of LRCiv 54.2(d) and (e). Scottsdale may file a timely response to John Deere's application in compliance with LRCiv 54.2(f). Therefore,

IT IS ORDERED that petitioner Scottsdale Insurance Company's Motion for an Order to Modify or Correct Arbitration Award (Filed Doc. 19) is denied.

IT IS FURTHER ORDERED that respondent John Deere Insurance Company's Motion to Confirm Award and Enter Judgment (Filed Doc. 22) is granted and that the Final Award of the Arbitration Panel, dated January 14, 2015, is confirmed by the Court pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9.

IT IS FURTHER ORDERED that respondent John Deere Insurance Company is awarded its reasonable attorneys' fees and costs it incurred in seeking the confirmation of the final arbitration award as provided in this Order, and its application for fees and costs shall be filed no later than March 18, 2016.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter a judgment in favor of respondent John Deere Insurance Company confirming the Final Award of the Arbitration Panel, dated January 14, 2015.

DATED this 16th day of February, 2016.

Paul G. Rosenblatt
United States District Judge

- 9 -