**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| In re Arbitration Proceeding Between:<br>Scottsdale Insurance Company,<br><br>    Petitioner,<br><br>vs.<br><br>John Deere Insurance Company,<br><br>    Respondent. | No. CV-15-00671-PHX-PGR<br><br>ORDER |

    Pending before the Court is John Deere Insurance Company's Application for Attorneys' Fees and Costs (Doc. 35), wherein it seeks the sum of $28,680.20 in fees and costs. Having reviewed the parties' memoranda, the Court finds that the application should be granted to the extent that the Court will award John Deere Insurance Company the total sum of $25,101.50.[1]

    This action arose from two reinsurance agreements between petitioner Scottsdale Insurance Company ("Scottsdale") and respondent John Deere Insurance Company ("John Deere"). Pursuant to a binding arbitration provision in the reinsurance agreements, the parties submitted their dispute to an arbitration panel

---

[1] The Court has intentionally discussed herein only those arguments raised by the parties that it considered necessary to resolve the fee application.

which entered an award in Scottsdale's favor, but which was less than what Scottsdale had requested.  As a result, Scottsdale filed this action wherein it sought to have the Court modify or correct the arbitration award by increasing the amount awarded to Scottsdale by $284,816.20. In response, John Deere filed a motion to confirm the arbitration panel's award and to have a judgment entered on that award. In a previous Order (Doc. 33), the Court denied Scottsdale's Motion for an Order to Modify or Correct Arbitration Award, and granted John Deere's Motion to Confirm Award and Enter Judgment pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9. Scottsdale did not appeal the Court's judgment confirming the arbitration award.

Inasmuch as the parties' reinsurance agreements specifically provided that if this Court entered an order confirming the arbitration award, "the attorneys' fees of the party so applying and court costs will be paid by the party against whom confirmation is sought[,]" the Court, as part of its previous Order, awarded John Deere "its reasonable attorneys' fees and costs it incurred in seeking the confirmation of the final arbitration award as provided in this Order[.]" The Order specified that the Court would grant John Deere "its reasonable fees and costs associated with its application and motion to confirm the arbitration award, provided that it timely files an application for its fees and costs that complies with the requirements of LRCiv 54.2(d) and (e)."

Discussion

John Deere seeks $26,604.10 in attorneys' fees related to the arbitration award confirmation proceeding, $2,002.00 in attorneys' fees related to the instant application for attorneys' fees, and $74.10 in costs.

The Court initially notes that John Deere has failed to comply with the Court's specific requirement that the fee application had to comply with LRCiv 54.2(d). John

Deere has not filed the required statement of consultation required by Rule 54.2(d)(1) and the Court has the authority under that rule to deny the fee application in its entirety for that failure alone.[2] However, in the exercise of its discretion, *see* LRCiv 83.6, and in light of Scottsdale's failure to raise this issue in its objection to the fee request, the Court concludes that an appropriate sanction for John Deere's failure to comply with Rule 54.2(d)(1) is to deny its request for $2,002.00 in attorneys' fees it incurred in filing its fee application.[3]

Scottsdale's main argument opposing the fee request is that John Deere is limited to seeking remuneration for its attorneys' fees incurred solely in connection with its cross-motion to confirm the arbitration award, and not for services rendered in connection with such matters as filing its answer to Scottsdale's original petition or responding to Scottsdale's unsuccessful motion to seal the entirety of the proceedings. The Court disagrees.

Neither the parties' reinsurance agreements nor the Court's previous Order are as limited as argued by Scottsdale. The contracts provided that if the Court

---

[2] Rule 54.2(d)(1) states:

No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such a conference. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys and the specific results or shall describe the efforts made to arrange such conference and explain the reason why such conference did not occur.

[3] The Court notes that John Deere also failed to comply with LRCiv 54.2(d)(2)'s requirement that it submit to the Court the details of its fee agreement.

confirmed the arbitration award, "the attorneys' fees of the party so applying and court costs will be paid by the party against whom confirmation is sought[,]" and the Court awarded John Deere its reasonable fees and costs it "incurred in seeking confirmation of the final arbitration award." The Court concludes that these provisions are sufficiently broad enough to encompass attorneys' fees for all services reasonably rendered in the defense of the arbitration award as those services are sufficiently associated with the confirmation of the award.

Scottsdale has not objected to the hourly billing rates submitted by John Deere's three attorneys and one paralegal and the Court concludes that the requested hourly rates are reasonable in that they sufficiently reflect the prevailing market rates in the Phoenix community for legal professionals with comparable experience.[4]

Having reviewed the submitted time sheets, the Court concludes that John Deere is not entitled to all of the attorneys' fees it seeks. Fourteen of John Deere's time sheet entries seek recovery of time spent on matters that the Court cannot ascertain are properly included since John Deere, without any explanation, has redacted the purpose of the time expended.[5] The Court will therefore delete all of those times from the fee award. *See* Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir.1992) ("The fee applicant bears the burden of documenting the appropriate hours

---

[4] These rates are $425.00 per hour for lead counsel Sheila Carmody, $375.00 per hour for Andrew Jacobs, $288.00 per hour for Robert Bernheim, and $160.00 per hour for paralegal Teresa George.

[5] See entries for 5/4/2015 (.2 hour), 5/5/2015 (.4 hour), 5/8/2015 (.9 hour), 5/11/2015 (.4 hour), 5/15/2015 (.2 hour), 5/18/2015 (.1 hour), 5/20/2015 (.7 hour), 6/1/2015 (.1 hour), 6/2/2015 (.2 hour), 6/3/2015 (.1 hour), 6/8/2015 (.1 hour), and 6/23/2015 (.2 hour).

expended in the litigation and must submit evidence in support of those hours worked.")  These reductions include 3.4 hours for Sheila Carmody, which amounts to $1,445.00, and .2 hour for Robert Bernheim, which amounts to $57.60.  The Court is unpersuaded by Scottsdale's arguments concerning the reasonableness of some of the other time entries submitted by John Deere and concludes that the remainder of the hours expended by John Deere in the arbitration award confirmation proceeding were reasonable.

The Court does, however, agree with Scottsdale that the $74.10 in costs sought by John Deere for messenger service fees is not a reimbursable court cost.  Therefore,

IT IS ORDERED that respondent John Deere Insurance Company's Application for Attorneys' Fees and Costs (Doc. 35) is granted to the extent that the respondent is awarded the total sum of $25,101.50 in attorneys' fees.[6]

DATED this 22nd day of July, 2016.

Paul G. Rosenblatt
United States District Judge

---

[6] The Court's award of $25,101.50 is calculated as $28,680.20 (the total amount requested - $2,002 (the fee requested for filing the fee application) - $1,502.60 (the redacted-related time) - $74.10 (the messenger costs).